UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CAROLYN BACON,
   Plaintiff,

vs.                                 No. 05-1295

ROGER WALKER, et.al.,
   Defendants

## ORDER

This cause is before the court for merit review of the plaintiff's complaint and consideration of the plaintiff's motions to proceed in forma pauperis [d/e 1], motions to amend her complaint [d/e 5, 7] and motion for a court order. [d/e 8]

The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The pro se plaintiff, Carolyn Bacon, has filed this complaint pursuant to 42 U.S.C. §1983 against four defendants including Illinois Department of Corrections Director Roger Walker and Deputy Director Debbie Dennings; Illinois Attorney General Lisa Madigan and Illinois Department of Corrections Transfer Coordinator Edward McNeil.

The plaintiff says she was sentenced in Illinois, but transferred to a prison in Arizona under the Interstate Corrections Compact (herein ICC). The plaintiff says her constitutional rights have been violated while in the Arizona facility. The plaintiff says under the ICC, she believes the Illinois Department of Corrections (herein IDOC) is responsible for her care.

Specifically, the plaintiff says she has not been allowed to see a doctor who specializes in stomach conditions and an orthopedic therapist. The plaintiff says the IDOC should approve these requests or bring her back to Illinois for these examinations. The plaintiff says she continues to receive food that "causes my acid reflux to flare up." (Comp, p. 5B) The plaintiff says she is prescribed medicine, but it only helps for a short period of time. The plaintiff also says she has received inadequate dental care and eye care. The plaintiff outlines the various health problems she has suffered due to the lack of care for her various conditions. The plaintiff says she has written letters to Illinois officials, but has received no response to any of her

1

complaints.

The plaintiff has attached various documents to her complaint. There is a letter from IDOC Transfer Coordinator Edward McNeil saying he had received correspondence the plaintiff sent to the Governor of Illinois. Defendant McNeil tells the plaintiff that her concerns "were forwarded to the Arizona Department of Corrections for review and investigation." (May 21, 2004 ltr). McNeil then explains that the plaintiff has been placed in lock down due to disciplinary reasons. There is no mention of any medical complaints. McNeil advises the plaintiff to direct any additional concerns to her assigned correctional counselor.

The plaintiff has also attached a letter from IDOC Deputy Director Dennings. She states that she has received the plaintiff's correspondence.

> As I am sure you are aware, the Illinois Department of Corrections has no control or jurisdiction over the running of the Arizona Department of Corrections.......I would encourage you to address these concerns with the Administration at the facility and/or as you have done in this letter, take your concerns to the Director of the Arizona Department of corrections. (Nov. 30, 2004 Ltr)

The plaintiff has also included letters from officials within the Illinois Attorney General's Office. The plaintiff is told that the Illinois Attorney General's office cannot assist with the plaintiff's problems in an Arizona prison and she is directed elsewhere. There is also a letter sent to the Arizona State Prison Complex asking that the plaintiff be barred from contacting the Illinois Attorney General's Office any further.

The plaintiff has failed to state a claim upon which relief can be granted. The plaintiff cannot sue Illinois Department of Corrections Officials for the actions of individuals in the Arizona Department of Corrections. If Arizona prison staff have been deliberately indifferent to the plaintiff's serious medical needs, Arizona prison staff are the proper defendants and the plaintiff should file her lawsuit in the federal court in Arizona.

As Illinois officials repeatedly told the plaintiff, they are not responsible for the day-to-day operations of a prison in Arizona. A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Also, the mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). A supervisor cannot be held liable for the errors of his subordinates.

Lastly, if the plaintiff is attempting to allege that her rights were violated under the Interstate Corrections Compact, she is still in the wrong court. Violations under the ICC do not constitute violations of federal law and therefore are not actionable under §1983. *See Shana v. Pearce*, 159 F.3d 1206, 1208 (9th Cir 1998); *Stewart v. McManus*, 924 F.2d 138, 142 (8th Cir. 1991)

The court notes that this is the second time the plaintiff has attempted to pursue this litigation in Illinois. In the first case, the plaintiff did not use a standard complaint form and it was difficult to interpret her intended claims. *See Bacon v. Illinois Department of Corrections*, 01-cv-1009. The complaint was dismissed for violation of Rule 8 of the Federal Rules of Civil Procedure and failure to state a claim upon which relief can be granted. This time the plaintiff has used a standard complaint form and is clearly alleging violations of §1983. However, as the court has pointed out, the plaintiff has still failed to state a claim upon which relief can be granted.

As for the plaintiff's pending motions, she has filed the same motion twice asking to amend her complaint. The plaintiff is asking to add more information in support of her claims, and add a claim that she was not provided adequate clothing. The motions are denied. [d/e 5, 7]. First, the court does not allow piecemeal amendments and the plaintiff did not provide a proposed amended complaint. Second, the additional claim also concerns actions taken by prison staff in Arizona.

The plaintiff's motions to dismiss Defendant Madigan and to proceed in forma pauperis are denied as moot. [d/e 1, 8]

IT IS THEREFORE ORDERED that:

1) The plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 8; 28 U.S.C. §1915A.

2) The plaintiff's motions to amend her complaint are denied. [d/e 5, 7]

3) The agency having custody of the Plaintiff is directed to remit the docketing fee of $250.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $250.00 in her trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory filing fee of $250.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $250.00.

4) The plaintiff notify the clerk of the court of a change of address and phone number within seven days of such change.

5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6) The remaining motions to proceed in forma pauperis and dismiss Defendant Madigan are denied as moot. [d/e 1, 8]

Enter this 14th day of November, 2005.

                        **s\Harold A. Baker**

                        HAROLD A. BAKER
               UNITED STATES DISTRICT JUDGE